Wachtler, J.
(concurring). I am to affirm but on a more narrow ground.
The very limited question posed on this appeal is whether the presence of the drugs in the Daniels’ apartment could be considered "evidence tending to connect” the defendants with the commission of the crime so as to corroborate the accomplice’s testimony (CPL 60.22, subd 1). The defendants argue that this simply established the corpus delicti, which we have held to be insufficient corroborative proof (People v Maione, 284 NY 423). But here the police officers’ testimony went far beyond that. Not only did they establish the corpus delicti, but they literally placed it at the defendants’ doorstep. Certainly *632 this evidence tended to connect them with the crime and thus fully satisfied the corroboration rule.
On this analysis it would be unnecessary to go further and decide whether the defendants’ proximity to the drugs also triggered the presumption found in subdivision 2 of section 220.25 of the Penal Law. The obvious purpose and effect of that statute is to establish a prima facie case so that when its requirements are met, the defendants’ proximity to the drugs is sufficient in itself to sustain the conviction. This, of course, is more than the accomplice rule requires since it is now firmly settled that the corroboration need not establish every element of the offense (see, e.g., People v Hooghkerk, 96 NY 149, 162). In addition it is not at all certain that the statute would apply under the circumstances of this case (see 1971 Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 220.25).
For present purposes it is enough to say that the presence of the drugs in the apartment tended to connect these defendants with the crime so as to corroborate the accomplice’s testimony. It is neither necessary nor appropriate to decide, however obliquely, that this in itself would be sufficient to sustain the conviction.
Chief Judge Breitel and Judges Gabrielli, Jones and Cooke concur with Judge Jasen; Judge Wachtler concurs in result in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed.